

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
~~ATTORNEY GENERAL~~
ATTORNEY GENERAL

Honorable Charles A. Tosch
County Auditor, Dallas County
Records Building
Dallas 2, Texas

Dear Sir:

Opinion No. 0-5812
Re: Power of Commissioners'
Court of Dallas County to
purchase automobile for
(1) County Judge in lunacy
proceedings, (2) Tax As-
sessor and Collector for
official business, and (3)
Probation Officer for offi-
cial business.

Your letter of January 12, 1944, requesting an opin-
ion of this department, reads as follows:

"The Commissioners' Court of Dallas County has
before it for consideration the proposed purchase of
automobiles to be used:

"(a) By the County Judge with reference to
lunacy proceedings as hereinafter explained.

"(b) By the Tax Assessor-Collector in the
performance of his official business.

"(c) By the Probation Officer of Dallas County
in the performance of his official business.

"I am in doubt as to the legality of the expen-
diture of County funds for such purchases and there-
fore respectfully request your opinion with reference
to the right and power of Dallas County to so use the
County funds.

"In explanation of the proposed purchase of an
automobile or 'station wagon' for the use of the County
Judge in lunacy proceedings, I beg to advise that in

Dallas County the County Court conducts its lunacy proceedings in the County Records Building which is at least five miles from the City-County Hospital where lunatics too ill or too violent to be brought into Court personally are confined. Where the lunatic is either too ill or too violent to be brought into Court, it is necessary for the jury in such lunacy proceedings to be transported to the City-County Hospital to view the accused. For the past several years the Court has transported the jurors in taxicabs at considerable expense. At the present time, in addition to the expense, we are experiencing considerable difficulty in obtaining taxicabs, and it will be a great savings to the County both in money and convenience of the jurors if the county can purchase an automobile or 'station wagon' capable of hauling at least six persons to be used in the transportation of jurors in these proceedings.

"With reference to the proposed purchase of an automobile to be used by the Tax Assessor-Collector, I advise that in Dallas County there appears a necessity for the use of such automobile by the Tax Assessor-Collector in driving over the County to view and appraise property, and also in the establishment of branch offices during the rush collection periods when the ad valorem and motor vehicle taxes are collected. The Commissioners' Court is of the opinion that considerable savings to Dallas County can be effected if the County purchases an automobile for this purpose rather than allowing the Tax Assessor-Collector traveling expense on a per mileage basis.

"With reference to the proposed purchase of an automobile for the Probation Officer, I beg to advise that this automobile will be used chiefly in transporting juveniles to the Boys' and Girls' Training Schools in Gainesville and Gatesville, as well as in traveling over Dallas County in the performance of his official duties pertaining to juvenile cases. The Commissioners' Court is also of the opinion that considerable savings to Dallas County can be effected if the County purchases an automobile for this purpose rather than allowing the Probation Officer traveling expense on a per mileage basis.

"I therefore respectfully request an opinion from your department as to the legality of the use of County funds by the Commissioners' Court of Dallas County for the purchase of such automobiles."

The powers and authority possessed by the Commissioners' Courts of Texas are only those expressly, or by necessary implication, conferred by the Constitution and statutes of our State. 34 Tex. Jur., p. 440, par. 67.

A careful examination of Title 61, V.A.C.S., concerning fees of office, discloses no authority for the purchase of automobiles to be used for the purposes covered by your inquiry.

By Article 3899(a), V.A.C.S., the Commissioners' Court may allow a sheriff, who is compensated on a fee basis, one or more automobiles to be used in the discharge of his official duties.

By subdivision (b), same Article, where such sheriff's compensation is on a salary basis, the Commissioners' Court may allow one or more automobiles to be used in the discharge of his official business.

The provisions of said foregoing subdivisions of said Article 3899 apply to counties having a population of less than 190,000 inhabitants.

In counties having a population in excess of 190,000 inhabitants, the Commissioners' Court may allow the sheriff one or more automobiles to be used by him or his deputies in the discharge of his official duties. Said Court, in such counties, may also allow the District Attorney or Criminal District Attorney one or more automobiles to be used by him in the discharge of his official duties. Art. 3912-e (1), V. A. C. S.

No other statutory or constitutional authority exists, so far as we have been able to ascertain, whereby a Commissioners' Court may furnish or allow an automobile for the use of any county or district officials, other than those hereinabove listed.

It is a familiar rule of construction that the specification of one particular class, excludes all other classes. State v. Mapel, (Civ. App.) 61 S. W. (2d) 149. Also see 39 Tex. Jur., p. 188, par. 100, in which the "expressio unius" rule (the expression of one thing is exclusive of another) is discussed. Said

rule of construction clearly has application to the questions now under consideration. The Legislature has, by general law, only designated two classes of officers that might be allowed automobiles for official use by the Commissioners' Court. They are sheriffs and certain District Attorneys or Criminal District Attorneys as aforesaid. Not having so designated any other officer or officers to whom the Commissioners' Court might furnish or allow automobiles for official use, the Legislature has granted no authority by general law to said Court to furnish or allow automobiles for such use to any officials other than those already named.

We are not unmindful of the provisions of H. B. 744, Chap. 392, 48th Legislature, which amends Section 4 of the Dallas County Road Law as previously written. We are also aware of the fact that there are other special road laws affecting numerous counties in Texas. These special road laws, however, have no application to the questions submitted.

It is therefore the opinion of this department that the Commissioners' Court of Dallas County is without authority to purchase automobiles for any of the purposes mentioned in your communication.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *L. H. Flewellen*

L. H. Flewellen
Assistant

APPROVED FEB 9, 1944

*Grover Sellers*

ATTORNEY GENERAL OF TEXAS

LHF:EP


APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN